Defendant-appellant Warren Patterson ("appellant") appeals from the trial court's determination that he was a "sexual predator" pursuant to R.C. Chapter 2950. Finding appellant's constitutional arguments to lack merit, the judgment of the trial court is affirmed in part. Finding appellant's third assignment of error to have merit, the judgment of the trial court is reversed in part and this cause is remanded for further proceedings consistent with this opinion.
 I.
On or about November 14, 1984, appellant had unlawful sexual contact with a three-year old girl. On November 27, 1984, appellant was issued a two-count indictment charging him with rape and gross sexual imposition. On December 4, 1984, appellant pleaded not guilty to the charges set forth in the indictment.
On February 4, 1985, appellant retracted his former plea of not guilty and pleaded guilty to the charges of rape and gross sexual imposition. Appellant was then sentenced to concurrent prison terms of ten to twenty-five years for rape and two to ten years for gross sexual imposition.
On March 27, 1997, the trial court conducted a sexual predator determination hearing pursuant to R.C. Chapter 2950. In a journal entry and corresponding sentencing addendum filed by the court on April 8, 1997, appellant was adjudicated to be a sexual predator. Therefrom, appellant filed the instant appeal.
 II.
In his first, second, and fourth through tenth assignments of error, appellant raises the following constitutional challenges to R.C. Chapter 2950:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION[S], WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDED "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART 1, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
In assignments of error eleven and twelve, appellant raises following errors for our review:
 XI. APPELLANT'S GUILTY PLEA IN THE CASE AT BAR WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED, IN VIOLATION OF THE CRIM.R. 11(C), WHERE APPELLANT WAS NOT INFORMED OF THE EFFECTS OF HIS PLEA.
 XII. THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
This court has recently addressed and rejected identical challenges in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellant's first, second, and fourth through twelfth assignments of error of summarily overruled.
In his third assignment of error, appellant asserts that the evidence presented at his hearing was insufficient to prove by clear and convincing evidence that he is a sexual predator.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's guilty pleas on the charges of rape and gross sexual imposition qualify as sexually oriented offenses under R.C. 2950.01(D). However, appellant claims that there was insufficient evidence presented at the hearing to determine by clear and convincing evidence that he "is likely to engage in the future in one or more sexual oriented offenses."
In making a determination as to whether an offender is a sexual predator, the trial judge must consider all relevant factors, including, but not limited to the factors listed in R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
We note that R.C. 2950.09(B)(2) does not require that each factor be met, rather it simply requires the trial court consider those factors which are relevant. Accord State v.Tracy (May 20, 1998), Summit App. No. 18623, unreported.
The standard of "clear and convincing evidence" is the measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. State v. Schiebel (1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
In the case sub judice, the trial court was presented with evidence to support the first prong of R.C. 2950.01(E)'s definition of sexual predator, that appellant was "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense". This evidence included appellant's indictment and a journalized copy of appellant's guilty plea. However, the prosecution failed to present any evidence, beyond appellant's prior conviction, that appellant "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
In State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, the trial court adjudicated Ward to be a sexual predator based solely upon Ward's underlying conviction for the sexual offense of felonious sexual penetration. The only evidence submitted during Ward's sexual predator determination hearing was a certified copy of his conviction. On appeal, this court held that a sexual predator determination could not be made solely upon an underlying conviction. Ward, supra, citingState v. Wilson (Sept. 11, 1998), Hamilton App. No. C-970880, unreported. Therefore, this court reversed the classification of Ward as a sexual predator and remanded his case to the trial court for further consideration of the record in toto. Ward,supra.
In conformity with Ward, we find that insufficient evidence was presented below to support the determination that appellant is a sexual predator. The prosecution failed to present the trial court with clear and convincing evidence that appellant "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Accordingly, appellant's third assignment of error is sustained. The judgment of the trial court is reversed in part and this cause is remanded for proceedings consistent with this opinion.
The judgment of the trial court is affirmed in part and reversed in part, and this case is remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and MICHAEL J. CORRIGAN, J. CONCUR.
 _______________________________ LEO M. SPELLACY PRESIDING JUDGE
N.B. This is an announcement of the court's decision. See App. R. 22(B), 22(D), and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(B) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk.